¶

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC MERCHANT SHIPPING ASSOCIATION ("PMSA"), a California Mutual Benefit Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES GOLDSTENE, in his official capacity as Executive Officer of the California Air Resources Board,<br><br>    Defendants,<br><br>NATURAL RESOURCES DEFENSE COUNCIL, INC., COALITION FOR CLEAN AIR, INC., and SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT,<br><br>    Defendants-Intervenors. | No. 2:09-cv-01151-MCE-EFB<br><br><br><br><br>ORDER |

----oo0oo----

Presently before the Court is Defendant Goldstene's Ex Parte Application to Continue the Hearing on Plaintiff's Motion for Summary Judgment, currently set on June 25, 2009.

1

Goldstene, as the Executive Office of the California Air Resources Board ("CARB") asks that the hearing be continued to July 16, 2009, arguing that otherwise he lacks sufficient time to prepare an opposition brief.

This case arises from new regulations adopted by CARB, on or about April 16, 2009, that specify fuel requirements for ocean-going vessels coming into California ports. Because CARB announced its intention to begin enforcing those new regulations on July 1, 2009, Plaintiff Pacific Merchant Shipping Association ("PMSA"), an organization of ship owners and operators, filed the instant lawsuit eleven days later, on April 27, 2009, to enjoin enforcement of the new CARB regulations as unconstitutional and contrary to federal law. Given the effective July 1, 2009 date for implementation of the new regulations, Plaintiff filed its Motion for Summary Judgment on May 22, 2009 so that the Motion could be heard on June 25, 2009, before the regulations at issue go into effect less than a week later.

Defendant Goldstene's own papers indicate that PMSA offered to continue the June 25, 2009 hearing on PMSA's Motion for Summary Judgment, provided that CARB agreed not to begin enforcement of the regulations until after the hearing. See Decl. of Nicholas Stern, ¶ 3. Goldstene apparently refused that request, yet still asks that PMSA's Motion be continued in order to afford it more time to respond.

///
///
///
///

1    The Court finds that because the time constraints confronted by Defendant Goldstene on behalf of CARB are of his own making. CARB issued new regulations with a pre-enforcement window of only some 75 days, yet complains of PMSA's timely attempt to prevent those regulations from becoming effective.  Even more significantly, CARB has itself refused to delay enforcement of the challenged regulations in order to afford more time for adjudication of PMSA's Motion for Summary Judgment.  Under those circumstances Defendant Goldstene, as CARB's Executive Officer, is not entitled to the relief he seeks.  Defendant's Ex Parte Application for continuance is accordingly DENIED.

   IT IS SO ORDERED.

Dated: June 2, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE